CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 20 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON ZAWADZKI, | ) |
| Petitioner, | ) Case No. 7:09CV00114 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| WARDEN TERRY O'BRIEN, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Respondent. | ) |

Petitioner Jason Zawadzki, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] In his petition, Zawadzki challenges the validity of his federal sentence based on the fact that three prior state convictions used to calculate his criminal history points have been vacated. Respondent filed a motion to dismiss, and Zawadzki responded, making the matter ripe for decision. Upon review of the record, the court finds that the motion to dismiss must be granted.

## Background

Zawadzki was convicted in the United States District Court for the District of Massachusetts of possession of an unregistered destructive device, transfer of an unregistered destructive device, and possession of a firearm as a convicted felon; the court sentenced him to thirteen years imprisonment on these offenses. He offers evidence that after the federal sentencing, three of his prior state convictions were vacated, based on a finding that his guilty pleas were invalid. He asserts that if the three state convictions had not been counted against him, his sentencing range under the United States Sentencing Guidelines Manual ("USSG")

---

[1] Zawadzki is currently confined at the United States Penitentiary in Jonesville, Virginia ("USP Lee"), within the territorial jurisdiction of this court. Accordingly, this court has jurisdiction to address his habeas claims, provided they are properly raised under § 2241. See Rumsfeld v. Padilla, 542 U.S. 426, 434-45 (2004).

would have been lower.[2] After his conviction, Zawadzki appealed the imposition of a four-level sentencing enhancement, pursuant to USSG § 2K2.a(b)(5). The United States Court of Appeals for the First Circuit affirmed in a published opinion. United States v. Molloy, 324 F.3d 35 (1st Cir. 2003). The United States Supreme Court denied his petition for a writ of certiorari on October 6, 2003.

Zawadzki filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, regarding this same conviction and sentence on October 4, 2004, asserting claims under Blakely v. Washington, 542 U.S. 295 (2004). The District of Massachusetts denied his motion in November 2004, and his appeal and petition for a writ of certiorari were unsuccessful.

After Zawadzki's federal conviction became final and after he filed his first § 2255 motion, on August 10, 2005, the Massachusetts Appeals Court vacated three of his prior convictions that were used to calculate his criminal history category under the USSG for sentencing on the federal conviction.[3] Zawadzki then filed a subsequent § 2255 motion on July 18, 2006, arguing that his federal sentence should be reduced because the state sentences had been vacated. The District Court denied the § 2255 motion as procedurally barred.[4]

Zawadzki asserts that because the state sentences have been vacated, he is "actually innocent" of the federal sentence he is now serving, that he did not know the necessary facts to bring this argument in his initial § 2255 motion, and that he cannot meet the gate-keeping

---

[2] Zawadzki claims that he wanted to challenge the constitutional validity of his prior state sentences at the time of the federal case. Counting the three convictions that have since been vacated, Zawadzki's total number of criminal history points was 14, making him a Level VI, with a sentencing range of 130-162 months. Not counting the vacated convictions, he would be a Level V, with a sentencing range of 120-150 months. His attorney advised him that he could not challenge the state convictions during the federal sentencing and advised him that once he obtained habeas relief from the state convictions, he could move the federal court under § 2255 to revisit the federal sentence and recalculate his criminal history category.

[3] Zawadzki filed motions for new trial in the state cases in July 2001, which were denied; on appeal, the Massachusetts Court of Appeals reversed the convictions on the ground that he was not adequately informed of the elements of the offenses to which he was pleading guilty. (Pet. App'x 1-5.)

[4] Neither of the parties provides the court with a copy of the judgment, dismissing Zawadzki's second § 2255 motion, or states whether it was dismissed as untimely under § 2255(f) or as successive under § 2255(h).

requirements under § 2255(h) and 28 U.S.C. § 2244(b) so as to achieve certification to raise the claim in a successive § 2255 motion. He asserts that § 2241 is an appropriate remedy for an inmate claiming that he is actually innocent of a sentencing factor, based on events that occurred after the conviction became final.

## Discussion

If a federal inmate wishes to challenge the validity of his conviction or sentence, he must ordinarily proceed by filing a motion under 28 U.S.C.A. § 2255 in the court in which he was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Once an inmate has litigated one § 2255 motion, any second or subsequent § 2255 motion must be dismissed by the district court as successive unless the inmate obtains certification from the Court of Appeals to pursue a second § 2255. 28 U.S.C.A. § 2255(h). The Court of Appeals may certify a successive § 2255 motion for consideration by the district court only if the claims are based on newly discovered evidence that establishes the movant's actual innocence of the underlying offense or on a new rule of constitutional law decided by the Supreme Court and made retroactive to cases on collateral review. Id.

Under very limited circumstances, an inmate may challenge the legality of his conviction or sentence by filing a petition for a writ of habeas corpus, pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

§ 2255(e). Thus, a district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); Charles v. Chandler, 180 F.3d 753, 756-58 (6th Cir. 1999)

- 3 -

(finding that § 2255 remedy not inadequate or ineffective because relief was denied) (citing other cases). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Applying these principles to Zawadzki's current petition, the court concludes that it must be dismissed. Zawadzki already presented his claim concerning his vacated state sentences to the sentencing court in a § 2255 motion, and that court denied relief for procedural reasons. Zawadzki's claim itself—seeking reduction of a federal sentence after state court vacates state convictions used to enhance the federal sentence—is ordinarily cognizable under § 2255. See, e.g., Johnson v. United States, 544 U.S. 295, 305-06 (2005). The § 2255 remedy is not inadequate or ineffective to test the validity of Zawadzki's confinement just because he chose to take his one shot at a § 2255 motion before his state convictions were overturned. The fact that he is now barred from seeking relief on his current claim by procedural hurdles built into that remedy, such as the one-year filing period and the requirement that he obtain certification from the Court of Appeals before he can file a successive § 2255 motion, does not make the § 2255 remedy inadequate or ineffective under § 2255(e). Charles, 180 F.3d at 756-58.

Moreover, Zawadzki does not satisfy two key elements of the three-part Jones standard as required to prove that § 2255 is inadequate or ineffective so that he can raise his claim under § 2241. The state court decisions overturning his convictions on the state charges do not constitute an intervening change in "substantive law" making his federal offense conduct no longer a criminal act. Additionally, he admits that he is not actually innocent of the criminal

- 4 -

conduct for which he stands convicted;[5] he argues only that he is actually innocent of one of the prior state convictions on which his federal sentence was enhanced.[6]

Zawadzki would like to substitute "intervening events" for the step in the Jones analysis requiring a showing of an intervening change of substantive law and to extend the "actual innocence" requirement to include innocence of a sentencing factor. The Fourth Circuit has not expanded the reach of the Jones standard to cover sentence challenges of any kind. See, e.g., United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence.")[7] ; Johnson v. Cauley, No. 09-52-HRW, 2009 WL 2356152, *2 (E.D. Ky. July 29, 2009) (finding under Poole that savings clause of § 2255 "does not reach the legality of a sentencing factor").

In general, courts have extended the so-called "savings clause" of § 2255(e) only to inmates with viable claims of actual innocence who have had no prior opportunity to present their claims. Walden v. United States, 9 Fed. App'x 420, 421 (6th Cir. 2001) (reviewing other cases). As stated, Zawadzki did have an opportunity to raise his claim under § 2255, but had previously chosen to expend his one chance at that remedy on other claims. "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." Id. at 422 (citing Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999)).

---

[5] Because he is not claiming that he is actually innocent of the underlying criminal conduct, Zawadzki is not entitled to certification under § 2255(h)(1) to bring a successive § 2255 motion.

[6] Although the bulk of Zawadzki's brief is devoted to his argument that he is actually innocent of a sentencing factor and seeks an extension of Jones to cover such a claim, the government's brief does not address this issue. Instead, the government argues that his § 2241 petition should be construed and dismissed as a successive and/or untimely filed § 2255 motion. Because this court did not sentence Zawadzki, however, this court does not have jurisdiction to construe or address his current pleading as a § 2255 motion.

[7] Because the Poole decision reversed the district court's grant of relief under § 2241 on jurisdictional grounds, the Fourth Circuit did not address the petitioner's arguments that the savings clause of § 2255(e) should apply to his claim that his federal sentence should be reduced because state convictions used to enhance that sentence had been vacated. 531 F.3d at 274.

Case 7:09-cv-00114-GEC-mfu Document 15 Filed 08/20/09 Page 5 of 6 Pageid#: 79

## Conclusion

Based on the foregoing, the court concludes that Zawadzki cannot meet the elements of the Jones standard so as to allow the court to address his sentencing claim under § 2241. Jones, 226 F.3d at 333-34. Furthermore, the court finds that his arguments for extension of the Jones standard to include his challenge to the validity of his federal criminal sentence based on after-discovered facts are not persuasive. Therefore, the § 2241 petition will be denied, and the government's motion to dismiss will be dismissed as moot. An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 20th day of August, 2009.

/s/ Glen Conrad
United States District Judge